CRIMINAL LAW &=>1092—APPEAL—BILL OF EXCEPTIONS—FILING.

On bills of exceptions to the overruling of the motion for a new trial embodying facts in connection with an alleged misconduct of the jury, filed two weeks after the court adjourned, the alleged misconduct will not be reviewed; as statements of facts with reference to matters occurring on a motion for new trial must be approved and filed before the adjournment of court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2919; Dec. Dig. &=>1092.]

Appeal from District Court, Walker County; S. W. Dean, Judge.

Elias Wiley was convicted of murder, and he appeals. Affirmed.

A. T. McKinney, Jr., of Huntsville, for appellant. J. A. Platt, Dist. Atty., of Groveton, and C. C. McDonald, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted of murder; his punishment being assessed at five years' confinement in the penitentiary.

Two propositions are submitted for reversal: First, want of sufficient evidence to sustain the conviction; and, second, misconduct of the jury. The misconduct of the jury would present a serious question if embodied in the record in such manner as to be considered. Court adjourned on 18th of October; motion for new trial was overruled October 1st; sentence was passed on October 2d; bills of exceptions to the action of the court overruling motion for new trial and embodying the facts in connection with the alleged misconduct of the jury were filed November 3d. This was about two weeks after court adjourned. The authorities seem to be harmonious that the statement of facts with reference to matters occurring on motion for new trial must be approved and filed before the adjournment of court. This was not done in this case until fully two weeks after adjournment of court. No reason is shown why said evidence was not filed earlier. Following the unbroken line of authorities, this question will not be reviewed, some of which are here cited. Lucas v. State, 155 S. W. 527; Knight v. State, 64 Tex. Cr. R. 541, 144 S. W. 980; Bailey v. State, 144 S. W. 996; Johnson v. State, 71 Tex. Cr. R. 620, 160 S. W. 695; Probest v. State, 60 Tex. Cr. R. 608, 133 S. W. 263; Black v. State, 41 Tex. Cr. R. 185, 53 S. W. 116.

As to the sufficiency of the evidence, it may be stated there is conflict as is usual in homicide cases of this character. The evidence for the state, we think, is sufficient to sustain the verdict of the jury. It would serve no useful purpose to give the substance of the testimony or enter into a detailed statement of it.

As the record presents the case, we are of opinion the judgment should be affirmed; and it is accordingly so ordered.

---

LEE v. STATE. (No. 3804.)

(Court of Criminal Appeals of Texas. Nov. 10, 1915. Rehearing Denied Jan. 19, 1916.)

CRIMINAL LAW &=>871—VERDICT—FORM.

In a criminal prosecution, where the court submitted three forms of verdict—one if the jury found defendant not guilty, a second if they found her guilty, and recommended a suspension of sentence, and a third if they found her guilty and recommended that sentence be not suspended—the filling out the blank in the latter form signed by the foreman, and received by the court without exception, was a good verdict.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2079–2081; Dec. Dig. &=>871.]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Albirda Lee was convicted of assault with intent to murder, and she appeals. Affirmed.

McLean, Scott & McLean, of Ft. Worth, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of assault with intent to murder, and her punishment assessed at two years' confinement in the state penitentiary.

The court, in submitting his charge to the jury, submitted also three forms of verdict: One in case the jury found appellant not guilty; one in case they found her guilty, and recommended a suspension of sentence, and the other if they found appellant guilty and recommended that the sentence be not suspended. Instead of writing out their verdict in full, the jury filled out the blanks in this latter form, and the foreman signed his name thereto. No exception was reserved at the time the verdict was received by the court, but in the motion for a new trial it is contended this amounted to no verdict. Such contention cannot be sustained.

The judgment is affirmed.